IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-01181-LTB-BNB

ROBERT PAUL THORPE, and
MARIA ELIZABETH THORPE,

Plaintiffs,

v.

MARTYN CURRIE,
STANLEY ANCELL,
ROBERT M. CULVER,
JULIA STOGSDILL,
JOHN C. JACKSON,
ROBERT RUSSELL,
RIECKE CLAUSSEN,
DAVID WOOLEY, a/k/a JESSE DAVIS WOOLEY,
LISSAH NORCROSS,
CRAIG TYER, and
WILLIAM "BILL" GARDNER,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Motion To Reconsider Order Denying Plaintiffs'**

**Motion for Extension of Discovery Deadline** (the "Motion to Reconsider"), filed January 5,

2006, 2005.  The Motion is DENIED.

The plaintiffs previously sought a 60 day extension of the discovery cut-off, to and

including February 16, 2006, within which to take the depositions of six defendants.  I denied the

motion for extension of time, finding that the plaintiffs had failed to show good cause for that

extension.  Specifically, I found that the schedule, as previously extended, had allowed the

plaintiffs more than nine months to conduct discovery; at the time of the initial extension of the discovery cut-off, nearly all of the depositions had been scheduled; the plaintiffs did not file a motion to compel any depositions, nor did they otherwise bring to my attention the need for court assistance in scheduling depositions; and the plaintiffs were responsible for cancelling some of the scheduled depositions.  Consequently, I concluded, the plaintiffs had failed to show that they had acted with reasonable diligence to reschedule the cancelled depositions.

Generally, a motion to reconsider, which is not expressly recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the entry of judgment, it is treated as a motion to alter or amend the judgement under Rule 59(e), Fed. R. Civ. P.; if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).  In addition, "an order . . . however designated, which adjudicates fewer than all claims or rights and liabilities of fewer than all parties . . . is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all parties."  Raytheon Constructors, Inc. v. Asarco, Inc., 368 F.3d 1214, 1217 (10th Cir. 2003)(quoting Rule 54(b), Fed. R. Civ. P.).

Motions for reconsideration serve specific purposes and are not a mechanism merely to reargue, potentially interminably, matters previously presented and decided.  To the contrary:

> The court has the opportunity upon a motion for reconsideration to correct manifest errors of law or fact and to review newly discovered evidence.  Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position, the facts or the law, or mistakenly has decided

> issues outside of those the parties presented for determination. It is
> inappropriate for the movant to advance new arguments or
> supporting facts which were otherwise available for presentation
> when the original . . . motion was briefed.

Pizza Management, Inc. v. Pizza Hut, Inc., 1989 WL 89937 *1 (D. Kan. July 19, 1989)(internal quotations and citations omitted).

The Motion to Reconsider at issue here is an inappropriate reargument of issues already decided. It does not allege manifest errors of law or fact, nor does it present newly discovered evidence not available to the plaintiffs when they filed the original motion for extension of time. Instead, the Motion to Reconsider merely advances again arguments previously made or available to the plaintiffs and rejected, and relies on materials available prior to the filing of the original motion.

IT IS ORDERED that the Motion to Reconsider is DENIED.

Dated January 6, 2006.

                                                  BY THE COURT:

                                                  s/ Boyd N. Boland
                                                  United States Magistrate Judge