IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-01181-LTB-BNB

ROBERT PAUL THORPE, and
MARIA ELIZABETH THORPE,

Plaintiffs,

v.

MARTYN CURRIE,
STANLEY ANCELL,
ROBERT M. CULVER,
JULIA STOGSDILL,
JOHN C. JACKSON,
ROBERT RUSSELL,
RIECKE CLAUSSEN,
DAVID WOOLEY, a/k/a JESSE DAVIS WOOLEY,
LISSAH NORCROSS,
CRAIG TYER, and
WILLIAM "BILL" GARDNER,

Defendants.
_____

**ORDER**
_____

This matter is before me in connection with my review of the **Revised Proposed Final Pretrial Order** [Doc. # 187, filed 4/26/06]. For the reasons discussed below, I will not sign the proposed revised pretrial order in its current form. The case is set for a supplemental final pretrial conference on **May 4, 2006, at 8:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

The parties appeared for the initial final pretrial conference on March 27, 2006. At that conference I stated that the initial proposed final pretrial order would not be accepted because,

among other things, it listed too many witnesses. Specifically, the plaintiffs listed 76 witnesses, including 44 will call and 32 may call witnesses.

The revised proposed final pretrial order submitted on April 26, 2006, does not meaningfully address my concern about the number of witnesses endorsed. To begin, the case is set for a seven to ten day jury trial commencing on June 5, 2006. In the revised proposed final pretrial order, the plaintiffs have listed 79 witnesses, including 38 will call witnesses; 32 may call witnesses; 7 will call expert witnesses; and 2 may call expert witnesses. At a point in time less than six weeks from trial, the plaintiffs must have narrowed their case in such a manner as to not require 79 witnesses, and particularly not to require 38 will call fact witnesses. I conclude that the plaintiffs are engaged in abusive litigation tactics. They have listed many more witnesses than they reasonably can expect to call at trial as a way of hiding the ball as to which witnesses actually will be called to testify and what the focus of the testimony will be. By listing an unreasonably large number of witnesses, the plaintiffs dramatically increase the trial preparation of the defendants. Were I to approve the revised proposed pretrial order, the defendants would have to prepare possible cross-examinations of witnesses listed by the plaintiffs but which the plaintiffs do not reasonably intend to call at trial.

My concern of litigation abuse is bolstered by the plaintiffs' descriptions of the anticipated testimony of their witnesses, which in 25 instances states merely "[a]ll relevant matters in this case," and in three instances is not provided at all.

I will not condone the abusive conduct of the plaintiffs. Instead, I will hold a supplemental pretrial conference at which time the plaintiffs will be required to identify the witnesses they will call at trial and a reasonable number of may call witnesses. Although I will not set an arbitrary

limit, I anticipate that the total number of fact witnesses listed will not exceed 20. In addition, on or before May 3, 2006, the plaintiffs must serve on the defendants and submit to the court meaningful written summaries of the anticipated testimony of each will call and may call witness and an estimate of the length of the anticipated testimony of each witness.

IT IS ORDERED that a supplemental pretrial conference is set for **May 4, 2006, at 8:30 a.m.**, at which time the plaintiffs shall be prepared to identify the witnesses they will call at trial and a reasonable number of may call witnesses.

IT IS FURTHER ORDERED that on or before **May 3, 2006**, the plaintiffs shall serve on the defendants and submit to the court meaningful written summaries of the anticipated testimony of each will call and may call witness and an estimate of the length of the anticipated testimony of each witness.

Dated April 27, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge