IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 03-cv-01181-LTB-BNB

ROBERT PAUL THORPE, and
MARIA ELIZABETH THORPE,

    Plaintiffs,

v.

STANLEY ANCELL,
JULIA STOGSDILL,
ROBERT RUSSELL,
CRAIG TYER,
LISSAH NORCROSS,
DAVID WOOLEY, a/k/a JESSE DAVID WOOLEY,
RIECKE CLAUSSEN,
JOHN C. JACKSON,
ROBERT M. CULVER,
MARTYN CURRIE, and
WILLIAM "BILL" GARDNER,

    Defendants.

_____

# ORDER
_____

The plaintiffs, Robert and Maria Thorpe, initiated this 42 U.S.C. § 1983 ("Section 1983") suit against members of the Grand Junction Police Department ("GJPD") and Mesa County Sheriff's Department ("MCSD") after a criminal prosecution of them by the GJPD resulted in voluntary dismissal of the charges. I granted the defendants' motions for summary judgment. The Clerk assessed costs, but struck from the cost request of the MCSD defendants expenditures for certain deposition transcripts and photocopies. The MCSD defendants move for review of the Clerk's taxation and for a ruling on their motion. The Thorpes have filed no opposition to the

motion. Counsel for the MCSD defendants certifies that he attempted without success to confer with the Thorpes' counsel pursuant to Local Rule 7.1.

My review of the cost taxation is *de novo*. Fed. R. Civ. P. 54(d)(1); *Hansen v. Sea Ray Boats, Inc.*, 160 F.R.D. 166, 167 (D. Utah 1995). The award of costs is committed to my discretion. *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). However, Rule 54 creates a presumption that I will award costs to the MCSD defendants, who prevailed here, and I must provide a valid reason if I do not award the costs requested. *Id*.

The necessity of a cost is measured according to the facts known to the parties at the time they incurred it. *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). I do not "attempt to employ the benefit of hindsight in determining whether an otherwise taxable item was necessarily obtained for use in the case." *Id*. At the time that parties engage in discovery, they may not know whether a dispositive motion will be granted or whether they will be forced to proceed to trial. *Id*. "Hence, caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation which include the possibility of trial." *Id*.

> It would therefore be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.

*Id*.

The costs attendant to the depositions of Mr. Thorpe and Robert Culver reasonably appeared necessary for use in the case at the time the MCSD defendants incurred those costs. As I determined in my summary judgment ruling, the Thorpes' outlandish allegations proved entirely

spurious. Diligent counsel ought reasonably to have deposed Mr. Thorpe, as counsel did here, to narrow the scope of credible accusations. And the MCSD defendants' counsel properly obtained the transcript of Mr. Culver's deposition, which the Thorpes' initiated, to ensure that Mr. Culver did not implicate any MCSD defendant in any wrongdoing. The costs of those depositions are properly taxed.

The Clerk disallowed the costs of copying exhibits. I note that the magistrate judge ordered the parties to exchange copies of exhibits on April 3, 2006 in anticipation of the trial, which was scheduled to commence June 5, 2006. I issued my summary judgment order disposing of the case on May 1, 2006. The MCSD defendants rightly complied with the magistrate judge's order and the costs are properly taxed.

Accordingly, it is ORDERED that:

1) the motion for a ruling [232] is GRANTED;

2) the motion to re-tax costs [210] is GRANTED; and

3) costs are awarded in the total amount of $5,222.20.

Dated: February   22nd  , 2007, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge